UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 19-4715

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JONQUELL JUNIOR SINGS,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Frank D. Whitney, District Judge.  (3:13-cr-00138-FDW-1)

Submitted:  July 28, 2020                                   Decided:  August 19, 2020

Before DIAZ, THACKER, and RICHARDSON, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Anthony Martinez, Federal Public Defender, Charlotte, North Carolina, Joshua B. Carpenter, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Asheville, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jonquell Junior Sings appeals from the district court's judgment revoking his supervised release and sentencing him to six months' incarceration, followed by one year of supervised release with the first six months to be served on electronic home confinement. Sings' counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but challenging Sings' original conviction for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2018). Sings was advised of his right to file a pro se supplemental brief, but he did not file one. The Government has declined to file a response brief. Although we affirm the revocation of Sings' supervised release, we vacate Sings' sentence and remand for resentencing.

Sings contends that his § 922(g)(1) conviction is invalid after *Rehaif v. United States*, 139 S. Ct. 2191, 2194 (2019) (holding that, in § 922(g)(1) prosecution, "the Government . . . must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it"). This argument is not properly before us. *See United States v. Sanchez*, 891 F.3d 535, 538 (4th Cir. 2018) ("A supervised release revocation hearing is not a proper forum for testing the validity of an underlying sentence or conviction.").

Turning to Sings' sentence, at the hearing, after revoking Sings' supervised release, the district court announced Sings' sentence of six months' incarceration to be followed by a year of supervised release with the first six months to be served on electronic home confinement. The written judgment, issued by the district court after the revocation

hearing, included 5 mandatory and 22 standard conditions of supervised release, plus an additional condition,[1] none of which were orally pronounced by the district court at the revocation hearing.

It is well-settled in this circuit that, where the oral pronouncement of sentence and the written judgment conflict, the oral pronouncement controls. *United States v. Osborne*, 345 F.3d 281 283 n.1 (4th Cir. 2003); *see Rogers*, 961 F.3d at 296. Recently, we held "that all non-mandatory conditions of supervised release must be announced at a defendant's sentencing hearing." *Id*. This "requirement . . . gives defendants a chance to object to conditions that are not tailored to their individual circumstances and ensures that they will be imposed only after consideration of the factors set out in [18 U.S.C.] § 3583(d) [(2018)]," *id*. at 300.[2] "[A] district court may satisfy its obligation to orally pronounce discretionary conditions through incorporation—by incorporating, for instance, all Guidelines 'standard' conditions when it pronounces a supervised-release sentence, and then detailing those conditions in the written judgment." *Id*. at 299 (citing *United States v.*

---

[1] Under 18 U.S.C. § 3583(d) (2018), there are two categories of supervised release conditions: "mandatory conditions . . . , which must be imposed in every case; and discretionary conditions which include everything else." *United States v. Rogers*, 961 F.3d 291, 297 (4th Cir. 2020) (internal quotation marks omitted). "The Sentencing Guidelines further subcategorize discretionary conditions, listing standard conditions that are recommended for all terms of supervised release, special conditions that are recommended only in certain circumstances, and additional conditions that may be appropriate on a case-by-case basis." *Id.* at 297 (internal quotation marks omitted).

[2] A district court need not announce mandatory conditions of supervised release at the revocation hearing "and their appearance in a subsequent judgment will not create a conflict." *Rogers*, 961 F.3d at 296.

*Johnson*, 765 F.3d 702, 710-11 (7th Cir. 2014), in stating that "so long as the defendant is informed orally that a certain set of conditions will be imposed on his supervised release, . . . then a later-issued written judgment that details those conditions may be construed fairly as a 'clarification' of an otherwise 'vague' oral announcement").

In *Rogers*, we remanded the case to the district court for resentencing because the court did not "specify or refer to any conditions that would apply" to the imposed term of supervised release. *Id*. at 295. Here, too, the district court neither specified nor referred to any conditions of supervised release when it made its oral pronouncement of Sings' sentence.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no other meritorious issues for appeal. Accordingly, although we affirm the revocation of Sings' supervised release, we vacate Sings' sentence and remand for resentencing in light of *Rogers*. This court requires that counsel inform Sings, in writing, of the right to petition the Supreme Court of the United States for further review. If Sings requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Sings.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART, VACATED IN PART, AND REMANDED*